UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.   ED CV 08-01322-SGL(OPx)                            Date: December 9, 2008

Title:   MICHAEL ALAN CROOKER -v- NATIONAL ENTERPRISE SYSTEMS
=================================================================
PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

      Jim Holmes                                               None Present
      Courtroom Deputy Clerk                         Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:

None present                                                  None present

PROCEEDINGS:   ORDER DENYING DEFENDANT'S MOTION FOR MORE DEFINITE
STATEMENT; ORDER VACATING HEARING ON DEFENDANT'S MOTION

    The Court has received and reviewed defendant's Rule 12(e) motion for a more definite statement, plaintiff's opposition, and defendant's reply thereto. In his succinct complaint (spanning all of a page and a half), plaintiff alleges that defendant "purchased [his] consumer debt" once he had become delinquent on it, and then engaged in a campaign of harassing him and his family in an effort to collect on the debt. The campaign included "bombarding plaintiff and his family members with many demand letters while plaintiff [was incarcerated on criminal charges], telephoning plaintiff's relatives and family members during unusual hours of the daytime and nighttime to relay threats, [and] . . . threatened . . . that he would be charged with credit fraud and his detention lengthened if the debt was not paid." (Compl. at 2). Plaintiff alleges that these acts constitute violations of both state and federal debt collection practices statutes, and he seeks over $100,000 in damages for the same.

    To this, defendant's present motion unconvincingly claims that the complaint is "both vague and ambiguous" such that it is "devoid of any precise factual allegations" thereby depriving defendant of the "ability to [mount] adequate defense." (Mot. Def. Statement at 2, 5). Defendant seeks the Court to require plaintiff to specify certain things, namely: "to provide the alleged written communications to which he refers," to allege "who sent these alleged communications," allege

MINUTES FORM 90                                                              Initials of Deputy Clerk __jh_____
CIVIL -- GEN                                       1

ED CV 08-01322-SGL(OPx)
MICHAEL ALAN CROOKER v NATIONAL ENTERPRISE SYSTEMS
MINUTE ORDER of December 9, 2008

"the number of alleged communications at issue," and allege the "dates of the alleged communications, the substance of the communications, the alleged consumer debt [at issue], the person to whom the alleged calls were made, and how he has been damaged by the alleged communications." (Mot. Def. Statement at 5-6). Such requests appear to the Court as essentially discovery requests.

Motions for a more definite statement are disfavored and granted only sparingly, "because pleadings are to be construed liberally to do substantial justice." 2 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 12.36[1] at 12-94 (3rd ed. 2006). Given the liberality in pleading favored by the rules, granting a motion for a more definite statement often adds little more than could be accomplished more directly through discovery without the delay created by requiring further amendment. As one noted treatise observed, "Rule 12(e)'s standard is plainly designed to strike at unintelligibility rather than lack of detail. Court's frown on a litigant's use of the motion as a 'shotgun tactic' to substitute for discovery. . . . In the presence of proper, although general, allegations, the motion will usually be denied on the grounds that discovery is the more appropriate vehicle for obtaining the detailed information." Id.

One circumstance outside of unintelligibility where courts have granted a motion for a more definite statement is when the complaint is deficient in setting forth allegations on each element of the claim. See id. at 12-95. The problem with defendant's request is that it concerns not so much a defect in the complaint's articulation of the details necessary to recover under state or federal debt collection practices statutes, but simply reflects defendant's apparent effort to garner information that could be readily obtained through the discovery process. Defendant fails to show how the lack of this more detailed information compromises the existence of an element for any of the claims in the complaint. Much (even all) of the information sought for in defendant's motion could be supplied more efficiently and effectively through use of ordinary discovery tools, than by further delaying litigation in this case by requiring plaintiff (who is appearing pro se while incarcerated in federal prison) to supply such information by making further refinements to the allegations in its complaint.

Accordingly, defendant's motion for a more definite statement is **DENIED**.

The previously noticed hearing on defendant's motion for more definite statement is hereby **VACATED**.

IT IS SO ORDERED.